## Richmond

### SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY
### v. JOHN ADAM HAYES.

August 28, 1974.

Record No. 730592.

Present, All the Justices.

*Linwood T. Wells, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for plaintiff in error.*

*Benjamin N. A. Kendrick (Wallace G. Dickson; Eugene P. Hines; Dickson & Kendrick, on brief), for defendant in error.*

Per Curiam.

Recently, in *Penitentiary Superintendent v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), this court held that a prisoner lacks standing to raise in habeas corpus a nonjurisdictional constitutional defect which, although he had full opportunity, he failed to assert at his trial and upon appeal from his conviction. The question for decision here is whether the *Parrigan* rule applies to the present petitioner and denies him standing to assert his claim to habeas corpus relief.

The record shows that on July 15, 1970, the petitioner, John Adam Hayes, was convicted by the trial court of armed robbery and of an attempt to commit armed robbery. He was sentenced to serve concurrent eight-year sentences, with six and one-half years suspended subject to the provision that upon release from the penitentiary he would be on supervised probation for a period of five years. One of the conditions of probation was that

Hayes "be committed under the provisions of Section 311 of the Narcotic Addict Rehabilitation Act of 1966 (42 U.S.C. 3421) for treatment of his drug addiction and complete such treatment to the satisfaction of the Court."

Hayes served the unsuspended portion of his sentence and was released to the custody of the trial court's probation officer. Pursuant to the terms of his probation, Hayes entered the Crossroads Drug Treatment Center. He remained at the Center for only one week and then, of his own volition, departed. The Commonwealth moved to revoke his probation. However, the trial court continued the probation subject to the condition that Hayes "submit to and complete the program of narcotic rehabilitation at the Crossroads Drug Treatment Center."

Hayes was readmitted to the Center. This time, he stayed three weeks before absenting himself. The Commonwealth again moved to revoke Hayes' probation. After a hearing, the trial court revoked the probation and ordered Hayes to serve the balance of his sentence.

Several months later, Hayes filed his present petition for habeas corpus alleging a denial of constitutional right in the revocation of his probation. After a hearing, the trial court found that Hayes, while at the Center, had "received no testing, no psychological guidance, no psychiatric counselling" for his drug addiction. Because Hayes had not received proper treatment, the court held that his "leaving [the Center] did not constitute a violation of his probation." The court granted Hayes' petition for habeas corpus and ordered his probation reinstated subject to specified conditions. The Superintendent was granted a writ of error.

Hayes' claim of denial of constitutional right in the revocation of his probation is, to say the least, nebulous. His claim, as we understand it, is this: it was determined that he was a drug addict in need of treatment; he was ordered, as a condition of his probation, to submit to the type treatment prescribed in the Narcotic Addict Rehabilitation Act; he entered the Center as ordered, but "was never provided that type of treatment;" therefore, "to hold him in violation of probation for failing to do what was in fact impossible to do, denied him due process of law."

Assuming, without deciding, that Hayes' claim of denial of due process has merit, the record of his revocation hearing shows that he did not raise the claim in that proceeding. Nor did

he appeal the order revoking his probation. He had full opportunity to advance his due process claim in the revocation proceeding and to appeal an adverse ruling with respect thereto. In any event, the claim does not rise to jurisdictional proportions. Under these circumstances, the rule of *Penitentiary Superintendent* v. *Parrigan, supra,* applies to deny Hayes the standing to raise the claim in habeas corpus. Accordingly, the judgment of the trial court will be reversed and Hayes' petition will be dismissed.

*Reversed and dismissed.*