# Richmond

## SUPERINTENDENT OF THE VIRGINIA STATE FARM v. JOHN WILLIAM JACKSON, JR.

October 14, 1974.

Record No. 730511.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for plaintiff in error.

*Robert T. Hall (Hall & Jackson,* on brief), for defendant in error.

Per Curiam.

In a jury trial John William Jackson, Jr., was found guilty of distribution of cocaine. On June 22, 1971, the trial court sentenced him, in accordance with the jury verdict, to serve 30 years in the state penitentiary. We denied Jackson's petition for a writ of error to the judgment order of conviction.

Jackson filed a petition and a supplemental petition for a writ of habeas corpus, asserting that he was unlawfully detained by the respondent, the Superintendent of the Virginia State Farm. In his petitions, Jackson asserted, among other allegations, that he was prejudiced in his trial by the joinder of two indictments, one charging him with possession with intent to distribute cocaine and the other charging him with distribution of cocaine. The result of the joinder, he urged, was that evidence otherwise inadmissible was introduced against him. A plenary hearing on the various allegations was scheduled, but the habeas court, after reviewing the record of Jackson's trial, held only that Jackson was prejudiced by the joinder of the two indictments. By order entered May 4, 1973, the court awarded him a writ of

habeas corpus. We granted respondent a writ of error to this judgment order. Jackson assigned no cross-error to the habeas court's failure to consider the other allegations set forth in his petitions.

This case is controlled by *Slayton* v. *Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), where we held that the petitioner lacked standing, in habeas corpus proceedings, to raise a question concerning admissibility of evidence when he had a full opportunity to raise the question in his trial and upon appeal. *See also Superintendent of the Virginia State Penitentiary* v. *Hayes*, 215 Va. 122, 207 S.E.2d 823 (1974). Here, Jackson's counsel moved at trial that the Commonwealth be required to make an election between the two indictments under which he was charged. The Commonwealth contended that two separate offenses were charged involving different quantities of cocaine, and that Jackson could be convicted of both. The trial court, over objection by Jackson, permitted evidence to be introduced in support of both charges. However, Jackson abandoned his objection when the trial court ruled that the jury would be instructed that it could find Jackson guilty of only one offense. The jury then found him guilty of distribution of cocaine, and the court sentenced him in accordance with the verdict.

In Jackson's petition for a writ of error, which we refused, *John W. Jackson, Jr.* v. *Commonwealth*, 212 Va. lxxxi (1972), he assigned error only to the alleged denial of his rights fully to cross-examine two of the Commonwealth's witnesses. Hence, Jackson is now attempting to resort to habeas corpus proceedings to raise evidentiary questions which he had a full opportunity to raise during trial and on appeal. He has no standing to do so.

The judgment of the trial court is

*Reversed, the petition is dismissed, and the judgment of conviction is reinstated.*