## Richmond

ALLISON RANDOLPH CONNELLY

v.

COMMONWEALTH OF VIRGINIA

NO. 1165-91-2

Decided July 28, 1992

COUNSEL

Shanon S. Echols (J. Benjamin Dick, on briefs), for appellant.

Robert H. Anderson III, Assistant Attorney General, (Mary Sue Terry, Attorney General, on briefs), for appellee.

OPINION

**BRAY, J.**—On March 7, 1990, defendant appeared before the trial court on an indictment which alleged possession of a controlled substance in violation of Code § 18.2-250(A). The court's order recites that defendant "pleaded guilty" and was found "guilty as charged." However, in accordance with the terms of a "PLEA AGREEMENT" (agreement), accepted by the trial court, "the finding of guilty" was withheld, and defendant was placed "under the supervision of a probation officer . . . for the term of one year," upon specified conditions. As also agreed, the order provided that, "[i]f probation is successfully completed at the end of one year," the court "shall discharge the defendant and dismiss the proceedings."[1]

At the conclusion of the probationary period and following an *ore tenus* hearing, the trial court concluded that defendant had "failed to abide" by the terms of the previous order and related probation, convicted defendant of the offense and imposed sentence. Defendant appeals, complaining that the trial court (i) erred in "not dismissing defendant's case" in accordance with a "probation status report which recommended [her] release" and (ii) violated defendant's "due process rights" by "not giving her notice" of the Commonwealth's "hostile position." We find that

---

[1] This disposition is expressly authorized by Code § 18.2-251 in certain circumstances.

the trial court acted appropriately and affirm its judgment.

The original order of the trial court, in furtherance of the agreement, required that defendant submit to random "drug tests and screens," be of "good behavior" and comply with the "rules of probation." It is uncontroverted that defendant provided a "urine specimen which tested positive for marijuana" during the probationary period. Nevertheless, the probation officer reported that defendant had "adjusted well" to probation and recommended her release "from supervision."

■■■ The trial court, however, was neither persuaded nor limited by the recommendations of the probation officer and retained its full authority to independently evaluate defendant's compliance with its earlier order. Code § 19.2-306; *see Bassett v. Commonwealth*, 13 Va. App. 580, 582, 414 S.E.2d 419, 420 (1992). Probation is a disposition intended to "reform" the offender, appropriate in "mitigating circumstances" or to promote the "public interest." *Marshall v. Commonwealth*, 202 Va. 217, 219, 116 S.E.2d 270, 273 (1960); *see Singleton v. Commonwealth*, 11 Va. App. 575, 578, 400 S.E.2d 205, 207 (1991). It provides an " 'opportunity' " for an accused to " 'repent and reform,' " which may be withdrawn for *"reasonable cause,"* determined in the *" 'sound discretion* of the trial court.' " *Marshall*, 202 Va. at 219-20, 116 S.E.2d at 273 (quoting *Richardson v. Commonwealth*, 131 Va. 802, 810-11, 109 S.E. 460, 462 (1921), and *Slayton v. Commonwealth*, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946)) (emphasis added); Code § 19.2-306. Therefore, the issue on review of a revocation is "simply whether there has been an abuse of discretion." *Marshall*, 202 Va. at 221, 116 S.E.2d at 274; *see Davis v. Commonwealth*, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991).

Defendant's use of illegal drugs during the probationary period was inconsistent with the terms and conditions of the probation and evidenced her unwillingness to avail herself of the opportunity afforded by the court. Under such circumstances, the judgment of the trial court clearly constituted no abuse of discretion. *See Marshall*, 202 Va. at 220-21, 116 S.E.2d at 273.

■■■ Defendant next contends that the dispositional proceedings violated her "due process rights." This issue, however, was not argued before the trial court and Rule 5A:18 requires that the trial judge be given "the first opportunity to rule on disputed eviden-

tiary and procedural questions." *Gardner v. Commonwealth*, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986). A matter not in dispute before the trial court will not be considered for the first time on appeal, Rule 5A:18; *Jacques v. Commonwealth*, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991), with no exception afforded to "due process" claims. *Superintendent v. Hayes*, 215 Va. 122, 123-24, 207 S.E.2d 823, 824 (1974).

■ While this Court will "notice . . . error [] for which [there has been] no timely objection . . . when necessary to [satisfy] the ends of justice," *Brown v. Commonwealth*, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989), the record must "affirmatively [show] that a miscarriage of justice has occurred, not . . . that a miscarriage *might* have occurred." *Mounce v. Commonwealth*, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). Our review of the record discloses no miscarriage of justice in the instant case. *See Jimenez v. Commonwealth*, 241 Va. 244, 402 S.E.2d 678 (1991).

Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Coleman, J., concurred.