COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


SCOTT PAUL DELLINGER

v.   Record No. 1807-94-4           MEMORANDUM OPINION[*] BY
                                    JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                  MARCH 5, 1996


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Thomas A. Fortkort, Judge


          John J. Grimaldi, II (Rosenthal, Rich,
          Grimaldi & Guggenheim, on briefs), for
          appellant.

          Kathleen B. Martin, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Following a bench trial, appellant, Scott Paul Dellinger,

was convicted of two counts of indecent exposure and sentenced to

six months in jail on each count.  Appellant appeals his

convictions on the ground that the identification testimony by

the two complaining witnesses was improperly admitted.  The

Commonwealth contends the appeal is procedurally barred since

appellant failed to provide a record sufficient for this Court to

determine whether appellant raised at trial the issues he raises

on appeal.  Finding the appellant failed to preserve the issues

he raises for appeal, we affirm the conviction.

     On appeal, a trial court's ruling will not be considered as

--------

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

a basis for reversal "unless the objection was stated together with the grounds therefor at the time of the ruling." Rule 5A:18. It is well established that this Court will not consider an issue on appeal for which no "specific contemporaneous objection" was made at trial. E.g., Rodriguez v. Commonwealth, 18 Va. App. 277, 284, 443 S.E.2d 419, 424 (1994) (en banc), aff'd, 249 Va. 203 (1995). An objection is sufficient if a party "makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor." Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc) (citation omitted). "A matter not in dispute before the trial court will not be considered for the first time on appeal." Connelly v. Commonwealth, 14 Va. App. 888, 891, 420 S.E.2d 244, 246 (1992).

> On appeal,
> the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to [the reviewing court] a sufficient record from which [it] can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed.

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)). An appellate court may act only on the facts contained in the record and "cannot base its decision upon appellant's petition or brief, or statement of counsel in open court." Id. Where the record fails to establish that the issues raised on appeal were raised at trial "by an objection with a

statement of the reasons therefor," this Court "cannot assume that appellant's objection and reasons were proffered but not made part of the record." Lee v. Lee, 12 Va. App. 512, 516, 404 S.E.2d 736, 738-39 (1991).

Here, in lieu of filing the transcript, the appellant filed in the trial court a written statement of facts, testimony, and other incidents of the case. See Rule 5A:8. The written statement indicates that "At trial, over objection, both women identified Mr. Dellinger as the man whom they had seen masturbating in the foyer." Dellinger included nothing in the record to demonstrate that he raised his appellate issues at trial or that his objection was specific.[1]

Accordingly, Dellinger's failure procedurally bars his appeal, and his convictions are affirmed.

Affirmed.

---

[1] Moreover, as the Commonwealth points out, the record contains no reference to a motion to suppress.