COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


CHARLES WILLIAM HURT

v.    Record No. 0111-96-2

CATHERINE C. HURT                          MEMORANDUM OPINION[*] BY
                                            JUDGE MARVIN F. COLE
CATHERINE C. HURT                             JANUARY 21, 1997

v.    Record No. 0130-96-2

CHARLES WILLIAM HURT


                FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                       Paul M. Peatross, Jr., Judge

             Peter L. McCloud; Ronald R. Tweel (William C.
             Scott IV; Boyle & Bain; Michie, Hamlett,
             Lowry, Rasmussen & Tweel, on briefs), for
             Charles William Hurt.

             Robert C. Rice (Carrell & Rice, on brief),
             for Catherine C. Hurt.



        Charles William Hurt (husband) and Catherine C. Hurt (wife)

separately appeal the trial court's award of spousal support,

each contending that the trial court made numerous errors in the

trial requiring a reversal of the court's order.  We address

seriatim each issue raised in both appeals.  We affirm in part

and reverse in part and remand for a modification of the spousal

support order.

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I. Background

Charles W. Hurt and Catherine C. Hurt were married on May 20, 1984, and separated on March 31, 1986, a marriage of twenty-two (22) months. Husband filed for a divorce upon a charge of desertion on April 11, 1986. Wife filed a cross-bill alleging cruelty and desertion on husband's part. The parties were divorced by a final divorce decree entered June 17, 1987, on the ground of one year separation.

After several years of hearings, the trial court awarded wife the sum of three hundred and fifty thousand dollars ($350,000) as equitable distribution to be paid in seven annual installments of fifty thousand dollars ($50,000) without interest. By letter opinion dated February 21, 1991, the trial court found that wife was barred from receiving spousal support based upon her desertion of husband, even though the divorce had already been granted based upon a one year separation. Wife appealed the equitable distribution award, the finding that she deserted husband, and the bar of spousal support.

In Hurt v. Hurt, 16 Va. App. 792, 433 S.E.2d 493 (1993), this Court upheld the equitable distribution award. We further held that spousal support was barred only "if there exists in such spouse's favor a ground of divorce under the provisions of Code § 20-91(1), (3) or (6)." Id. at 801, 433 S.E.2d at 499. See Code 20-107.1 (Supp. 1986). This decision found that husband failed to corroborate his allegation that wife deserted the

2

marriage, that husband's testimony alone was "insufficient as a matter of law to establish a ground of divorce [and] . . . it cannot operate to bar permanent spousal support to wife." Hurt, 16 Va. App. at 801, 433 S.E.2d at 499. The trial court's decision on spousal support was reversed and remanded.

On August 3, 1995, the issue of spousal support was heard in the trial court. In a letter opinion dated August 16, 1995, embodied in an order entered on December 12, 1995, the trial court awarded wife spousal support in the amount of one thousand five hundred dollars ($1,500) per month retroactive to May 1, 1991. The retroactive award created an immediate arrearage of seventy-eight thousand dollars ($78,000) for the period from May 1, 1991 to August 1, 1995. Husband was ordered to pay one-half of the arrearage by December 1, 1995, and the balance by March 1, 1996, carrying interest at nine percent annually.

Both parties separately appealed the decision of the trial court, each asserting numerous errors of the trial court. We shall discuss each issue in the order presented.

## II.  Charles W. Hurt v. Catherine C. Hurt

At the beginning of the hearings, husband moved the trial judge to recuse himself from conducting the hearings because the judge had formerly represented wife in a prior domestic relations matter. Husband contends that this created a conflict of interest demanding that the judge recuse himself from hearing the matter.

3

The record proves that in 1978, fourteen years prior to the 1992 hearing, the trial judge represented the wife (then Catherine Kirtley) in a child support matter in a juvenile and domestic relations court. After their divorce was granted in 1978, Mr. Kirtley filed a petition in a juvenile and domestic relations court to decrease the amount of child support. Mrs. Kirtley, represented by the trial judge, filed a petition asking for an increase. The trial judge indicated that he did not recall anything that wife told him in confidence and that he had "absolutely no knowledge of her current circumstances." He stated that "I don't know of anything that's pertinent in what I would hear today that relates back to 1978 that tells me anything about her current circumstances and need for support, or her current medical condition." He refused to disqualify himself.

"It is within the trial judge's discretion to determine whether he harbors bias or prejudice which will impair his ability to give the defendant a fair trial." Terrell v. Commonwealth, 12 Va. App. 285, 293, 403 S.E.2d 387, 391 (1991). Exactly when a judge's impartiality might reasonably be called into question is a determination to be made by that judge in the exercise of his or her sound discretion. Justus v. Commonwealth, 222 Va. 667, 673, 283 S.E.2d 905, 908 (1981), cert. denied, 455 U.S. 983 (1982). See also Stamper v. Commonwealth, 228 Va. 707, 714, 324 S.E.2d 682, 686-87 (1985).

There is no indication in the record that the trial judge

4

abused his discretion, and we find no merit to this contention.

The husband alleges that the trial judge determined the issue of spousal support under Code § 20-107.1 in effect at the date of hearing instead of the statute in effect when the case was filed in 1986. In its letter opinion, the trial judge did state that the trial court was governed by Code § 20-107.1 in effect in 1991. Both parties agree that this was error and that statutes are prospective in the absence of an express provision to the contrary, and that the case is governed by the law in existence in 1986 when the action was commenced.

However, the provisions of Code § 20-107.1 governing the trial court's determination of the amount of spousal support are the same in both versions of the statute. It is of no consequence that the trial judge referred to the 1991 statute in his letter opinion. The error is harmless and furthermore, it can be easily corrected on remand.

Husband contends that the trial court erred when it failed to consider all of the factors and circumstances enumerated in Code § 20-107.1 which contributed to the dissolution of the marriage, including wife's desertion.

In his letter opinion dated August 16, 1995, the trial judge discussed the factors to be considered in determining the amount of spousal support. He stated:

> The other factor to be considered is the uncorroborated finding of desertion by this Court previously. The legal effect of this factor has been discussed based on the guidance of Barnes v. Barnes, [16 Va. App.

5

98, 428 S.E.2d 294 (1993),] <u>supra</u>.

It is clear from this statement that the trial court did consider fault under Code § 20-107.1(9) in determining the amount of the spousal support.  The only "uncorroborated finding of desertion" was the alleged desertion by wife, not any fault on the part of husband.  Thus, the trial court may have improperly considered evidence of the wife's desertion, but did not commit any error with respect to the husband.  The trial court did not commit reversible error with respect to the husband's case.  We will further discuss this issue in wife's case against husband.

Husband claims that the trial court erred when it considered only wife's income and expense statement without giving effect to her testimony, which contradicted the income and expense shown thereon.  Wife asserts that her monthly expense statement establishes her expenses to be $9,883 monthly.  Since the court only awarded $1,500 monthly, it made a substantial reduction in the amounts shown on the monthly expense statement, conclusively showing that the trial judge did not rely only upon the expense statement.  She further alleges that it is abundantly clear that the award would have been substantially higher if the trial court had only considered the calculations on the monthly expense statement.

The letter opinion of the trial judge dated August 16, 1995, shows that in determining spousal support, he considered all of the factors set forth in Code § 20-107.1, including earnings,

6

earning capacity and financial resources, education and training of the parties, standard of living, duration of the marriage, age and health, contributions to the marriage (monetary and non-monetary), and equitable distribution considerations.  We find no merit in this issue raised by husband.

Husband asserts that the evidence does not support the trial court's finding that he made two to four million dollars in the last two years, and the trial court was not justified in relying upon the 1983 prenuptial agreement in determining his present financial ability.

In its letter opinion dated August 16, 1995, the trial court said:

> He has been involved in the real estate business since 1955 and gave his full attention to real estate development beginning in approximately 1960.  Since that time he has acquired property appraised at $40,325,985.00. . . .  Dr. Hurt testified that in the last two years he sold from two to four million dollars worth of property and that he had either borrowed or used the sale proceeds to pay for his living expenses.  This Court has considered his testimony as to his financial holding, his obligations, and his assessment of the value of his property at present.

On January 1, 1994, husband prepared a financial statement for banking purposes showing total assets of $40,202,809, liabilities of $18,240,324, giving a net worth of $21,962,485. The statement indicated that he had "cash on hand" of $734,655 and "accounts receivable" in the amount of $652,932.  The record also contains a January 1, 1995 financial statement.  It is

7

essentially the same as the 1994 statement, except that the asset values have been reduced based upon seventy percent of appraised value due to the results of an auction in Pennsylvania he attended.

Husband testified that "I sell two to four million dollars worth of property a year."

We find credible evidence in the record to support the finding of the trial court.

Husband claims that the trial court erred in relying upon the 1983 prenuptial agreement to determine his present financial ability to pay spousal support. The prenuptial agreement was introduced in evidence in 1986 by the husband himself as Complainant's Exhibit 4. Appellate courts will not permit a party to use as a grounds for reversal an alleged trial court error which the party invited. See Commonwealth v. Kilgore, 15 Va. App. 684, 692, 426 S.E.2d 837, 841 (1993). In addition, any fact, however remote, that tends to establish the probability or improbability of a fact in issue is admissible. Charles E. Friend, The Law of Evidence in Virginia, 4th ed., § 11-2, at 452 (1993). The fact that husband admittedly had a gross income of approximately two million dollars in 1983 is part of his history of earnings and earning capacity and, therefore, is relevant in some degree to prove current earning capacity. The record does not support the husband's allegation that the trial judge considered that he made two million dollars a year in fixing

8

spousal support. The award of $1,500 a month negates such a contention. It is significant that the statement attributable to the trial judge is placed under the section headed "Discussion of Law" and not under the section where he considered the factors to be considered under Code § 20-107.1. We find no merit in this claim.

Husband contends that the trial judge erred in failing to accord meaningful, substantive consideration to the short duration of the marriage in determining wife's entitlement to spousal support. This contention is not supported by the record. In his letter opinion, the trial judge stated that he considered that the marriage only endured from May 20, 1984 until March 31, 1986, when the parties separated. Thus, we find no merit to this contention.

Lastly, husband asserts that the trial court erred when it awarded wife retroactive spousal support. He acknowledges that the trial court has discretion to enter an award of spousal support effective any time after the date of the commencement of the suit. The trial judge commented that the temporary support order in the amount of $2,600 monthly was terminated at the end of April 1991. He commenced the final order of permanent spousal support on May 1, 1991. Husband claims only that the spousal support award was not "fair and just" and operates as an "injustice" to him. He has not identified any unfairness and simply complains that he has paid enough in temporary support.

9

We do not find that the trial judge abused his discretion.

### III.  Catherine C. Hurt v. Charles W. Hurt

In her separate appeal, wife raises the following issues: First, she asserts that the trial court erred when it improperly considered evidence of her desertion in determining the <u>amount</u> of spousal support.  She contends that the trial court, once it concluded that spousal support should be awarded, was obligated to determine the <u>amount</u> of spousal support based upon the nine factors enumerated in Code § 20-107.1.  In its letter opinion dated August 16, 1995, the trial court properly discussed the first eight factors and further considered the following evidence under paragraph nine (9) of that section:

> The other factor to be considered is the uncorroborated finding of desertion by this Court previously.

It is clear from this statement that the trial court considered fault in determining the amount of spousal support under Code § 20-107.1(9).  The only "uncorroborated finding of desertion" was the alleged desertion by wife and not any fault on the part of husband.  Thus, the trial court may have improperly considered wife's desertion, and committed error with respect to the wife's case against her husband.

Is fault a factor to be considered under Code § 20-107.1(9) (Supp. 1986) in effect at the time this case was commenced?  We find no Virginia law expressly addressing this issue.  The statute provides:

> Any maintenance and support shall be subject

10

to the limitations set forth in § 20-109, and no permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground for divorce under any provision of § 20-91 (1), (3) or (6) or § 20-95. . . .

The court, in determining support and maintenance for a spouse, shall consider the following:

* * * * * * *

(9) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

In Dukelow v. Dukelow, 2 Va. App. 21, 341 S.E.2d 208 (1986), this Court explained the statutory scheme of Code § 20-107.1 as follows:

The determination of spousal support is a two-step process: first, the court must determine whether either of the parties is barred from receiving support due to the existence of a marital fault amounting to a statutory ground for divorce; and, second, if no fault ground exists, then the court must weigh the relative needs and abilities of the parties in accordance with the statutory factors enumerated in Code § 20-107.1.

Id. at 26, 341 S.E.2d at 210. Thus, once the trial court has determined that a spousal support award is appropriate, the only factors the trial court may consider in determining the amount of the award are the "relative needs and abilities of the parties in accordance with the statutory factors enumerated in Code § 20-107.1." Id.

Wife alleges that the trial court gave improper consideration to marital fault (her uncorroborated desertion)

11

under paragraph nine (9) in Code § 20-107.1, which resulted in an award to her of only $1,500 monthly.  Husband argued at trial, and the court agreed, that evidence of marital fault and the circumstances contributing to the dissolution of the marriage were proper considerations under paragraph nine (9) of Code § 20-107.1.

We find that marital fault is not a factor to be considered under paragraph nine (9) of Code § 20-107.1.  If the General Assembly intended for a court to consider circumstances and factors contributing to the dissolution of the marriage in determining the <u>amount</u> of the award, it would have stated so expressly in the enumerated factors.  In Code § 20-107.3 the General Assembly intended for a court to consider the circumstances contributing to the dissolution of the marriage in determining the division of the marital property.  The statute expressly includes in the enumerated factors the court must consider, "<u>[t]he circumstances and factors which contributed to the dissolution of the marriage</u> . . . ."  Code § 20-107.3(E)(5) (emphasis added).  It chose not to do so with respect to the <u>amount</u> of spousal support.

Without attempting to envision all of the factors that might be included in paragraph nine (9), we conclude that paragraph (9) refers to economic and financial factors and not to factors that contributed to the dissolution of the marriage.  As stated in <u>Dukelow</u>, upon the determination that a wife is entitled to

12

spousal support, "the only question was the extent of her need for support when balanced against her husband's ability to pay." Dukelow, 2 Va. App. at 26, 341 S.E.2d at 211.  The trial court erred in considering marital fault as a factor under paragraph nine (9).

Wife claims that the trial court improperly relied upon evidence of the value of husband's assets based on auction prices he observed in Pennsylvania.  Husband testified that he "attended an auction for forty million dollars worth of property, similar to my own property.  At the auction sale the properties did not bring half of the county appraised value . . . ."  As a result of this sale, husband reduced the value of his real estate to seventy percent of its assessed value.  He inserted this reduced value in a financial statement and the statement was introduced in evidence.  Husband's testimony and the financial statement showing the seventy percent reduction in value of the assets were introduced in evidence without objection.

The trial court in its August 16, 1995 letter opinion stated "[t]he Court has also considered . . . all of the stipulated exhibits regarding [husband's] financial resources and obligations, and the testimony and exhibit concerning his opinion as to the value of his current assets based upon 70% of appraised value due to an auction he recently attended in Pennsylvania."

We do not address the admissibility and weight to be attached to this evidence.  It was introduced without objection.

No ruling of the trial court will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice. Rule 5A:18.  This rule applies to law and equity cases, including divorce.  See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).  A claimed error must be brought to the trial court's attention so that the court may consider the issue and take corrective action to avoid unnecessary appeals, reversals and mistrials.  A matter not in dispute before the trial court will not be considered for the first time on appeal. Connelly v. Commonwealth, 14 Va. App. 888, 891, 420 S.E.2d 244, 246 (1992).  While this Court will take notice of error when necessary to satisfy the "ends of justice" exception to the rule, our review of the record in this case does not disclose any miscarriage of justice.  Id.

Wife asserts that the trial court erred in allowing the testimony of Frank Kessler over her objection.  Wife never objected to the entire testimony of Frank Kessler.  She did object at trial to specific questions propounded to Kessler, but in her brief she has not identified or alluded to specific questions and answers which she considers to be objectionable.

She states that Kessler "testified as to the loss [husband] would suffer if he were forced to sell his real estate holdings in a quick liquidation sale," citing the appendix pages 254-260.

14

Within these pages the trial judge twice sustained objections to this type of testimony, once based upon lack of a proper foundation and once upon relevance. Wife has not referred to specific objectionable testimony within these seven pages. No argument and no authorities have been given in accord with Rule 5A:20. Wife alleges that Kessler's testimony was in the nature of expert testimony, yet he was never qualified as an expert and his area of expertise was never identified, citing appendix 251-263. She did not point out in her brief the specific testimony to which she was referring and has given no argument or authority to support the same.

Wife further alleges that the trial court refused to permit her counsel to cross-examine Kessler with respect to husband's success in the real estate business, citing appendix pages 267-268. We have reviewed these pages and do not find that the trial judge refused to permit wife's counsel to cross-examine Kessler. We find the following:

    Q.    And, Charlie Hurt has done very well here since
          you have known him, hasn't he?

          Mr. Tweel:  Objection, Your Honor.  No
          foundation.

    A.    I don't know how Charlie Hurt has done.  I
          know what I have done.

          Court:  calls for hearsay unless it's
          something [husband] has told you.  Sustain
          it.  Let's go to the next question.

From this record, we find no merit to the wife's assertions concerning the testimony of Kessler. "Statements unsupported by

15

argument, authority, or citations to the record do not merit appellate consideration.  We will not search the record for errors in order to interpret [a party's] contention and correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Several of the wife's remaining contentions will be considered together.  She contends that the trial court failed to determine and accord meaningful, substantive consideration to husband's earning capacity, to her earning capacity, to her standard of living established during the marriage, and to her financial needs in determining the amount of the spousal support award.

> In awarding spousal support, the trial judge has broad discretion. . . .  The trial judge must consider all the factors enumerated in Code § 20-107.1.  Consideration entails more than a recitation in the record or decree that all factors have been considered.  We believe that the legislature's inclusion in 1982 of specific factors in the statute envisioned meaningful substantive consideration in the decision-making process.  When the court does not quantify or elaborate on what weight or consideration it has given each factor, we must examine the record to determine if the award is supported by evidence relevant to those factors.

Gibson v. Gibson, 5 Va. App. 426, 434-35, 364 S.E.2d 518, 523 (1988).

The transcript of the evidence and the exhibits are replete with substantial evidence relating to all of the factors enumerated in Code § 20-107.1.  The trial judge outlined in

16

detail much of the evidence in support of his opinion and stated that he considered all of the factors enumerated in Code § 20-107.1.

The statute requires that the trial judge consider "[t]he earning capacity, obligations, needs and financial resources of the parties."  Husband argued before the trial court and this Court that the trial judge could consider only income and earnings in determining spousal support.  The argument is not sound.  The word "resources" encompasses money, property, wealth and assets of all kinds.  Therefore, it was proper for the trial court to consider the husband's net worth as shown in the financial statements in evidence, which ranged from a low of approximately six million dollars to a high of twenty million dollars.

The trial court imputed to wife an annual income of $53,460, after reviewing in its letter opinion her prior earnings, her equitable distribution and real estate holdings.  Although the trial judge did not specifically state the exact amount of husband's earning capacity, the record contains ample evidence of earning capacity to support his award of spousal support.

In its letter opinion, the trial court reviewed the evidence concerning the standard of living of the parties during the marriage, and wife's financial needs as shown in the record.  The judge discussed these factors in his letter opinion and obviously considered them in reaching his decision.

We conclude that there is meaningful substantive evidence in the record to support each factor set forth in Code § 20-107.1 and that the trial court did consider all of the factors and accorded them proper weight within the bounds of his discretion.

Lastly, wife contends that the trial court erred when it failed to order a lump sum spousal support award. Code § 20-107.1 provides that "[t]he Court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments, or in a lump sum award, or both." Although the statute grants the trial judge discretion in deciding whether to order periodic or lump sum payments, periodic payments are generally the preferred form. See Blank v. Blank, 10 Va. App. 1, 5, 389 S.E.2d 723, 725 (1990). As we stated in Blank, "when courts do make lump sum spousal support awards they do so because of special circumstances or compelling reasons." Id. See also Mosley v. Mosley, 19 Va. App. 192, 197, 450 S.E.2d 161, 164 (1994). We find no abuse of discretion in the award of periodic spousal support.

In summary, whether spousal support should be paid is largely a matter within the sound discretion of the trial court, but it is a discretion to be exercised with reference to Code § 20-107.1 and established guidelines. The record in this case discloses that the trial court considered all of the factors enumerated in the statute, except it should not have included the wife's marital fault as a consideration under paragraph nine (9).

18

We remand this case to the trial court with instructions that it reconsider the $1,500 per month award of spousal support and modify the award to the extent that the wife's "uncorroborated desertion" may have affected the amount of the award.  In all other respects, the decision of the trial court is affirmed.

<u>Affirmed in part,</u>
<u>reversed and remanded</u>
<u>in part.</u>