COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Baker and Bray
Argued at Norfolk, Virginia


LLOYD R. GREEN, S/K/A
 LLOYD RICARDO GREEN
                                 MEMORANDUM OPINION[*] BY
v.          Record No. 1704-97-1    JUDGE RICHARD S. BRAY
                                      MARCH 31, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                  Christopher W. Hutton, Judge

           Charles E. Haden (A.J. Stone, Jr., on brief),
           for appellant.

           John K. Byrum, Jr., Assistant Attorney
           General (Mark Earley, Attorney General, on
           brief), for appellee.


     On April 11, 1996, the trial court convicted defendant of

possession of cocaine in violation of Code § 18.2-248 and imposed

a sentence partially suspended upon certain conditions.  On July

3, 1997, the trial court conducted a revocation hearing and

revoked a portion of the suspended sentence after finding that

defendant had violated the terms of suspension.  Defendant

complains on appeal that the trial court erroneously admitted

evidence at the hearing of a "death threat" directed by defendant

to his probation officer.  Finding no error, we affirm the

conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

disposition of the appeal.

Prior to the revocation, defendant was properly notified of a hearing before the trial court, scheduled on the Commonwealth's motion to revoke the suspended sentence, "for [defendant's] failure to comply with the conditions of such suspension."[1] At the hearing, Larry Beam, the defendant's probation officer, testified that defendant had violated the "rules and conditions of probation" by failing (1) to keep two mandatory appointments for drug treatment, (2) to provide certain employment information, and (3) to obtain permission to change his residence.

An additional Commonwealth witness, police officer Scott Keller, testified that, at the time of defendant's arrest incidental to the revocation proceedings, he threatened "to kill Mr. Beam when he got out of prison." In overruling defendant's timely objection to this evidence as irrelevant to the alleged violations, the court declared, "If what he says is objectionable, I'll ignore it." During cross-examination of the officer with respect to defendant's demeanor at the time of the threat, the trial judge interjected, "[t]he court will take notice that he was unhappy about being violated," prompting

---

[1]The conditions designated on the notice were "6. To follow the probation and parole officer's instructions and be truthful and cooperative," and "10. [n]ot to change [his] residence without the permission of the probation and parole officer and not to leave the State of Virginia or travel outside of a designated area without permission of the probation and parole officer."

defendant's counsel to respond, "that saves a lot of time."

Defendant testified, offered explanations for his failure to satisfy the specified conditions and denied the alleged threat against Beam. Nevertheless, the Court found "sufficient [evidence] to prove a violation of the conditions of the suspended sentence" and revoked the suspension. On appeal, defendant challenges the admission of the officer's testimony, both as irrelevant and "highly prejudicial."

It is well established that the trial court may revoke a suspended sentence "for any cause deemed by it sufficient." Code § 19.2-306. "[T]he issue on review of a revocation is 'simply whether there has been an abuse of discretion.'" Connelly v. Commonwealth, 14 Va. App. 888, 890, 420 S.E.2d 244, 245 (1992) (citations omitted); Code § 19.2-306. "[P]robation revocation hearings are not a stage of criminal prosecution . . . [and therefore] 'formal procedures and rules of evidence are not employed,' and . . . the process of revocation hearings 'should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial.'" Davis v. Commonwealth, 12 Va. App. 81, 84, 402 S.E.2d 684, 686 (1991) (citations omitted). A "trial judge is presumed to disregard prejudicial or inadmissible evidence, and this presumption will control in the absence of clear evidence to the contrary." Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (en banc) (citations omitted).

Assuming, without deciding, that admission of Officer Keller's testimony regarding defendant's threat was not proper in the instant proceedings, the record clearly establishes that the trial court did not consider such evidence in finding that defendant violated the specified conditions.  Adding to the presumption that a trial court disregards improper evidence, the trial judge here expressly assured defendant that he would ignore any inadmissible testimony from Officer Keller, and nothing in the record suggests that the court acted otherwise.  Moreover, apart from the disputed evidence, the testimony of the probation officer, together with other clearly admissible evidence, provided ample support for the revocation.

Accordingly, we affirm the decision of the trial court.

<u>Affirmed.</u>