COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Bumgardner
Argued at Salem, Virginia


ALBERT LEWIS FOWLER, III
                              MEMORANDUM OPINION* BY
v.     Record No. 2116-98-3   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                 SEPTEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                         James F. Ingram, Judge

             Mark T. Williams (Williams, Morrison, Light
             and Moreau, on brief), for appellant.

             Eugene Murphy, Assistant Attorney General
             (Mark L. Earley, Attorney General, on
             brief), for appellee.


     Following a bench trial on a charge of unlawful wounding,

in violation of Code § 18.2-51, Albert Lewis Fowler, III

(appellant) was convicted of the reckless handling of a firearm,

in violation of Code § 18.2-56.1.[1]  On appeal, appellant contends

the trial court erred in finding him guilty of the reckless

handling of a firearm because it is not a lesser-included

offense of unlawful wounding.  Because we conclude that

appellant did not properly preserve this argument under Rule

5A:18, appellant's conviction is affirmed.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] Appellant also pled guilty to possession of a firearm by a
convicted felon, which is not the subject of this appeal.

I.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). So viewed, the evidence established that on May 2, 1998, appellant and the victim were involved in an argument at appellant's home. The two had been drinking and taking drugs. During the course of the argument, appellant brandished a gun, fired it twice and hit the victim in the groin. Although no bullet was found in the victim's body, medical evidence established that the victim's injuries were caused by a gunshot wound or other trauma. Appellant admitted at trial that he had taken out his gun and shot twice towards the ground.

Appellant was initially indicted for malicious wounding, in violation of Code § 18.2-51. Prior to arraignment, the Commonwealth agreed that the charge would encompass no more than unlawful wounding. Accordingly, the trial court amended the indictment, charging appellant with unlawful wounding. After the presentation of evidence by both parties, the trial judge convicted appellant of the reckless handling of a firearm, in violation of Code § 18.2-56.1. Appellant's counsel did not

object to the trial court's ruling at that time or any time before sentencing.

II.

Appellant contends that having been charged with unlawful wounding, the trial court could not convict him of the reckless handling of a firearm because the latter is not a lesser-included offense of the former charge. The reckless handling of a firearm is not a lesser-included offense of unlawful wounding. However, we conclude that appellant is barred from challenging his conviction on appeal because he failed to make any objection to this finding at trial and in fact agreed with the disposition.

Rule 5A:18 provides:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

"The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992).

- 3 -

"A matter not in dispute before the trial court will not be considered for the first time on appeal." Connelly v. Commonwealth, 14 Va. App. 888, 891, 420 S.E.2d 244, 246 (1992).

In the present case, appellant does not challenge the sufficiency of the evidence to convict him of the reckless handling of a firearm, but argues that the conviction may not stand because it was not a lesser-included offense of unlawful wounding. If appellant had timely objected to this finding, the trial court could have reevaluated its decision and found appellant guilty of the greater offense, unlawful wounding, or the proper lesser-included offense of assault and battery. At trial appellant acquiesced in this erroneous finding. Consequently, he is barred from raising this issue on appeal.

Additionally, while this Court will notice error for which there has been no timely objection when necessary to satisfy the ends of justice, see Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989), the record must "affirmatively [show] that a miscarriage of justice has occurred, not . . . that a miscarriage might have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987) (emphasis in original). Our review of the record discloses no miscarriage of justice in the instant case, and the evidence clearly established the necessary factual basis for the reckless

handling of a firearm.  See Jimenez v. Commonwealth, 241 Va.

244, 249, 402 S.E.2d 678, 680 (1991).

Accordingly, the judgment of the trial court is affirmed.

Affirmed.