COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Humphreys
Argued at Chesapeake, Virginia


SHAHEEM LABEEB RASHEED, A/K/A
 ALVIN ANTONIO BARNES
                                    MEMORANDUM OPINION* BY
v.    Record No. 2740-00-1          JUDGE RICHARD S. BRAY
                                        FEBRUARY 5, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                       Joseph A. Leafe, Judge

            (Carl C. LaMondue, on brief), for appellant.
            Appellant submitting on brief.

            (Randolph A. Beales, Acting Attorney General;
            John H. McLees, Jr., Senior Assistant
            Attorney General, on brief), for appellee.


     Shaheem Labeeb Rasheed (defendant) appeals the revocation of

suspended sentences previously imposed by the trial court,

contending the court's finding that he failed to complete the

Detention and the Diversion Center Incarceration Programs, a

condition of the suspended sentence and related probation,

constituted an abuse of discretion.  We disagree and affirm the

order.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

On May 21, 1999, defendant was convicted by the trial court for concealment of merchandise and possession of burglarious tools, violations of Code §§ 18.2-103 and -94, respectively. At sentencing, upon joint motion of the Commonwealth and defendant, the court ordered "defendant . . . referred to the Department of Corrections (DOC) . . . for evaluation and diagnosis . . . to determine suitability for participation in the Diversion Center Incarceration Program and/or Southampton Detention Incarceration Program" pursuant to Code § 19.2-316.2.[1]  See Code §§ 19.2-316.2, -316.3; Code §§ 53.1-67.7, -67.8.  Subsequently, the DOC reported to the court that defendant was eligible for placement in such programs, and the trial court imposed suspended sentences and probation for each offense, conditioned upon certain conditions, including successful completion of the "Detention and the Diversion Center Incarceration Programs," a proviso mandated by Code § 19.2-316.2(3).

On August 21, 2000, defendant entered Southampton Detention Center to commence a referenced DOC program.  However, by correspondence, dated September 6, 2000, defendant's probation officer advised the court that defendant "was terminated from

---

[1] Such programs are alternative sentencing options available to the court, expressly subject to conditions imposed by statute, including a "motion from [the] defendant" to participate and a favorable suitability evaluation by DOC.  Code § 19.2-316.2.

-

the Program" on August 25, 2000, "after refusing to obey all rules, regulations and to participate in training . . . ."  In response, the trial court, on September 13, 2000, issued a capias for defendant's arrest, commanding he "show cause" against revocation of the previously suspended sentences.

At the attendant hearing, a "Major Violation Report," dated October 3, 2000, and prepared by defendant's probation officer, was received into evidence, without objection.  The report advised the court that defendant had

> entered the Detention Center Program on August 21, 2000.  He was terminated from the program four days later for non-compliance with the rules and regulations of the program.  [Defendant] signed documents agreeing that he would obey all rules and regulations of the program.  These regulations also cover the religious areas.
>
> Paragraph five of Southampton Detention center Pre-admission Agreement Form states, "I will not be allowed any special religious paraphernalia beyond a Bible, Quran, etc.  The practice of any/all religious activity will have to comply with the structure of the Detention Center[sic] normal daily operation and procedures."
>
> [Defendant] immediately began making demands regarding his religious practices which conflicted with the Southampton Detention Center Daily Activity Schedule for the detainees in the transition phase of our program. . . .
>
> [Defendant] was seen by staff at this facility on numerous occasions.  During these contacts he made demands in the area of religion.  Each time [he] was given an opportunity to practice his religious beliefs within the guidelines of this

-

program.  Each time [he] rejected the offer and offered more demands of his own.

On August 24, 2000, [defendant] received four infractions which all violated our General Orders:

    1.  Giving food to another detainee

    2.  Demanding staff to get him out of here, refusing to go to his dormitory. Speaking without permission, and deliberately taking off his belt with his canteen, and throwing them on the floor, disrupting the transition group.

    3.  When instructed to return to the transition group and train, [he] refused to do so, stating, "I am ready to be removed, I am not training anymore."

    4.  When offered time to pray, [he] did not answer . . . yes or no, but said he "did not want to do the program any more."

On August 25, 2000, the Institutional Review Committee heard the above mentioned charges. Based on [defendant's] statement that he was ready to be removed and was not going to train anymore, the committee members voted to terminate [him] from the program.

Defendant did not dispute the contents of the violation report but contended participation in the program infringed upon the free exercise of his religion in violation of the First Amendment.  The court, however, rejected the argument, noting that "[defendant is] not being penalized for . . . any of the religious aspects of his inability to complete detention and diversion.  It's just the fact that it couldn't be done."  The court, therefore, found defendant in violation of the terms and

-

conditions of the suspended sentences and probation, revoked

such suspensions and sentenced him to five years in the

penitentiary for the concealment offense, resuspending two years

of the sentence, and to two years confinement for the possession

of burglarious tools, again resuspended.

## II.

> By statute, a trial judge in Virginia
> "may, for any cause deemed by [the judge]
> sufficient which occurred at any time within
> the probation period . . . revoke the
> suspension of sentence."  The revocation of
> the suspended sentence "must be based on
> reasonable cause," and must be based upon
> cause that occurred within the suspension or
> probation period.

Bailey v. Commonwealth, 19 Va. App. 355, 357, 451 S.E.2d 686,

687 (1994) (citations omitted); see Code § 19.2-306.  "[T]he

power of the courts to revoke suspensions and probation for

breach of conditions must not be restricted beyond the statutory

limitations."  Briggs v. Commonwealth, 21 Va. App. 338, 344, 464

S.E.2d 512, 514 (1995) (citations omitted).  Thus, "the issue on

review of a revocation is 'simply whether there has been an

abuse of discretion.'"  Connelly v. Commonwealth, 14 Va. App.

888, 890, 420 S.E.2d 244, 245 (1992) (quoting Marshall v.

Commonwealth, 202 Va. 217, 221, 116 S.E.2d 270, 274 (1960).

Here, defendant expressly requested admission into the

"Detention and the Diversion Center Incarceration Programs," a

sentencing option available at the discretion of the court upon

certain circumstances, and submitted to the requisite

-

suitability review by DOC.  Once approved by DOC and with

defendant's continuing concurrence, the court imposed suspended

sentences and probation, specifically conditioned upon

defendant's "successful complet[ion of] the Detention and the

Diversion Center Incarceration Programs" in accordance with

statute.  However, defendant immediately refused "to obey all

rules, regulations and to participate in training . . .,"

committing several enumerated violations, and repeatedly

declaring "he was ready to be removed" and "was not going to

train anymore."  Thus, "[b]ased upon [defendant's] statement,"

administrators "voted to terminate" his participation.

Defendant's conduct was clearly contrary to his request to

the court for referral to the program and his subsequent

informed commitment to abide by the attendant protocols.  Under

such circumstances, defendant evinced an "unwillingness to avail

[himself] of the opportunity afforded by the court," Connelly,

14 Va. App. at 890, 420 S.E.2d at 245, and provided reasonable

cause for revocation of the suspended sentences pursuant to Code

§ 19.2-316(A)(4),[2] without implicating religious precepts or

constitutional constraints.

---

[2] Code § 19.2-316.2(A)(4) provides:

> Upon a finding that the defendant
> voluntarily withdrew from the program, was
> removed from the program by the Department
> for intractable behavior, or failed to
> comply with the terms and conditions of
> probation, the court may revoke all or part

-

We, therefore, find no abuse of discretion by the trial court in the revocation of defendant's suspended sentences and affirm the disputed order.

Affirmed.

---

of the probation and suspended sentence and commit the defendant as otherwise provided in this chapter.