COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Petty and McCullough
Argued at Lexington, Virginia


SHAWN WESLEY GILL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0800-11-3                      JUDGE ROBERT J. HUMPHREYS
                                                              MAY 1, 2012
COMMONWEALTH OF VIRGINIA



                  FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                                  Mosby G. Perrow, III, Judge

            Keith Orgera, Senior Assistant Public Defender, for appellant.

            Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


       Shawn Wesley Gill ("Gill") appeals the final order entered by the Circuit Court of the

City of Lynchburg ("circuit court") finding Gill violated the terms of his suspended sentences

and probation, revoking his previously suspended sentences, and ordering him to serve the time

remaining on those sentences.  On appeal, Gill argues that the circuit court erred in finding it

could not sentence him to a psychiatric facility instead of a prison under Code § 19.2-176

(repealed 2010).  For the following reasons, we affirm the order of the circuit court.

                                              Analysis

       Gill's original sentences included four years on the charge of unlawful wounding, an

offense committed in 2008, three years on the charge of assault and battery of a law enforcement

officer, an offense committed in 2009, and twelve months on the charge of assault and battery,

an offense also committed in 2009.  The circuit court suspended execution of a portion of each of

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

these sentences on the conditions that Gill serve eleven months on the charge of unlawful wounding, six months on the charge of assault and battery of a law enforcement officer, and six months on the charge of misdemeanor assault and battery, and be under supervised probation for twenty-four months from the date of release. Upon his release from prison, Gill began a period of supervised probation, which he violated in 2010. By final order dated April 4, 2011, after a hearing on the same date, the circuit court revoked Gill's three suspended sentences and imposed the balance of the sentences.[1]

Gill argues that the circuit court erred in finding that it could not sentence him to a psychiatric facility instead of a prison under Code § 19.2-176 (repealed 2010). Gill argues that Code § 19.2-176, although repealed in 2010, was in effect in 2008 and 2009, when he committed the underlying offenses upon which the probation violation was based; thus, for any sentencing relating back to those criminal acts, the circuit court should have afforded him the benefit of the sentencing option allowed under former Code § 19.2-176.

We affirm the circuit court's order because Gill failed to preserve this issue for appeal. Rule 5A:18 provides that, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals. To hold otherwise would invite parties to remain silent at trial, possibly resulting in the trial court committing needless error." Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986). "A matter not in dispute

---

[1] The court ordered that the time imposed on the sentences run concurrently. Therefore, while the amount of suspended time revoked in this order totaled four years, twenty-three months, and twenty-one days, in effect Gill will only serve two years, eleven months, and twenty-one days.

before the trial court will not be considered for the first time on appeal, Rule 5A:18[,] with no exception afforded to 'due process' claims." Connelly v. Commonwealth, 14 Va. App. 888, 891, 420 S.E.2d 244, 246 (1992) (internal citations omitted). See also Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) ("Rule 5A:18 applies to bar even constitutional claims.").

In this case, Gill agreed with the circuit court and the Commonwealth's attorney that the statute under which the court was considering sentencing him to a mental hospital rather than a prison had been repealed. Then Gill proceeded to ask the circuit court to impose a prison sentence on the low end of the sentencing guidelines. Gill made no argument in the circuit court that Code § 19.2-176, although repealed in 2010, still applied to his case since the underlying crimes were committed in 2008 and 2009. Because this argument was not made in the circuit court, Rule 5A:18 of the Rules of the Court of Appeals of Virginia bars our consideration of this argument that is made for the first time on appeal.

Gill requests that we apply the "ends of justice" exception provided in Rule 5A:18 to his case. We decline to do so. The ends of justice exception is appropriate "'when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights.'" Rowe v. Commonwealth, 277 Va. 495, 503, 675 S.E.2d 161, 165 (2009) (quoting Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005)).

The circuit court did not err in this case and its resolution of this case did not result in a grave injustice to Gill. Gill argues that the court's failure to consider Code § 19.2-176, despite its repeal in 2010, in his sentencing violates the guarantees against *ex post facto* lawmaking.[2] However, the statute is purely procedural and non-punitive in nature and therefore the guarantees

---

[2] Under the *ex post facto* prohibition, a law that makes punishment for a crime more onerous is void as applied to a defendant whose crime was complete before the law's effective date. Miller v. Florida, 482 U.S. 423, 435-36 (1987).

against *ex post facto* lawmaking are not implicated upon its repeal. Former Code § 19.2-176(A) provided for discretionary evaluation and commitment for treatment of a mentally ill defendant convicted of a crime. It only provided a convicted defendant with a possibility of serving some of his sentence in a treatment hospital instead of a jail; its repeal had no effect on the length or severity of the sentence dispensed to a defendant. Therefore, as the Commonwealth's courts must follow the procedural rules in force at the time of the proceeding, see Code § 1-239,[3] there is no *ex post facto* effect to the circuit court's judgment that Code § 19.2-176 (repealed 2010) did not apply in a 2011 proceeding, and the "ends of justice" exception to Rule 5A:18 does not apply.

Moreover and contrary to Gill's assertion, the circuit court also did not deny Gill a fundamental right. Gill provides no authority for his assertion that he was deprived of a fundamental or essential right to serve his sentence and receive treatment in a mental health facility rather than in a prison, and we are aware of none.

---

[3] Code § 1-239 provides:

> No new act of the General Assembly shall be construed to repeal a former law, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new act of the General Assembly takes effect; except that the proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings; and if any penalty, forfeiture, or punishment be mitigated by any provision of the new act of the General Assembly, such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new act of the General Assembly takes effect.

For the foregoing reasons, we find that Gill failed to preserve the assigned error in the circuit court, and we will not invoke the ends of justice exception to Rule 5A:18. The circuit court is therefore affirmed.

<u>Affirmed.</u>