**Salem**

STERLING JASON PRESTON, JR., a/k/a ANGELICA
GRANT, a/k/a ANGEL PRESTON

v.

COMMONWEALTH OF VIRGINIA

No. 0493-91-3

Decided June 16, 1992

COUNSEL

Marian Kelley, Assistant Public Defender (Office of the Public Defender, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Sterling Jason Preston, Jr., appeals from an order of the circuit court revoking a previously suspended prison sentence. Preston contends the trial judge abused his discretion in revoking the suspended sentence. For the reasons that follow, we reverse the revocation order.

## I.

On January 24, 1991, Preston was convicted of robbery. The trial judge sentenced him in accordance with a plea agreement "to five years in the penitentiary which shall be suspended after time served." The suspension of the sentence was conditioned upon Preston's payment of restitution and costs and upon Preston's good behavior. Preston was released from custody that day.

On February 26, 1991, the trial judge held a hearing on the Commonwealth's motion to revoke Preston's suspended sentence. The Commonwealth introduced a certified copy of a conviction order entered in the general district court. The order recited that on February 26, 1991, Preston was convicted of petit larceny in the general district court. The Commonwealth did not introduce additional evidence.

Preston admitted he had been convicted of petit larceny but denied that he had committed the offense. Preston further testified that he was "uncertain" of his intention concerning appeal of the petit larceny conviction and that he was aware that he had ten days to appeal that conviction. The trial judge expressed an incli-

nation to "issue a capias for violation of the suspended sentence, and to hold . . . Preston without bond on this charge for the next ten (10) days in order to determine whether . . . Preston is going to appeal." The trial judge also stated he was "not willing to put [Preston] back on the street today." Preston then said he wanted to "go ahead and get it over with today, whatever is going to happen." The trial judge revoked Preston's suspended sentence and sentenced him to five years in the penitentiary.

Within ten days of the general district court conviction, Preston noted his appeal to the circuit court as allowed by Code § 16.1-132. Preston also filed a motion to vacate the revocation of his sentence. Preston based his motion, in part, on the fact that he had exercised his statutory right to appeal the general district court conviction. He argued that the appeal extinguished his conviction and nullified the grounds for revoking his suspension. The trial judge denied the motions. Preston then filed a timely notice of appeal to this Court from the order revoking the suspended sentence.[1]

## II.

The revocation of the suspension of a sentence lies within the sound discretion of the trial judge. Code § 19.2-306; *Singleton v. Commonwealth*, 11 Va. App. 575, 400 S.E.2d 205 (1991). However, the trial judge may only revoke the suspension of a sentence for reasonable cause. *Hamilton v. Commonwealth*, 217 Va. 325, 228 S.E.2d 555 (1976). In this instance, although initially the trial judge did not lack reasonable cause to revoke Preston's suspension, when Preston's conviction in the general district court was annulled by his de novo appeal, the record was devoid of evidence of misconduct that would support the trial judge's revocation order.

"By perfecting the appeal from the [general district] court the case was entirely removed from that court, and only the [circuit] court had thereafter jurisdiction in the matter. The

---

[1] On May 1, 1991, a jury in the circuit court acquitted Preston of the petit larceny conviction, which had formed the basis of the trial judge's revocation of Preston's suspended sentence. Preston again requested reconsideration of the revocation order. The trial judge, by letter opinion, refused to reinstate the revocation case on the docket. Citing Rule 1:1, the trial judge ruled that the circuit court retained jurisdiction to vacate its final order for only twenty-one days after the entry of the March 19, 1991 order.

judgment in the [general district] court was not merely suspended, but by the removal of the record was vacated and set aside. When the effect of an appeal is to transfer the entire record to the appellate court, and to cause the action to be retried in that court as if originally brought therein, as is the case when appeals are taken from a [general district] court upon questions of law and fact, the judgment appealed from is *completely annulled*, and is not thereafter available for any purpose."

*Malouf v. City of Roanoke*, 177 Va. 846, 855-56, 13 S.E.2d 319, 322 (1941) (quoting *Bullard v. McCardle*, 98 Cal. 355, 358-59, 33 P. 193, 194 (1893) (citations omitted)) (emphasis added). *See also Buck v. City of Danville*, 213 Va. 387, 192 S.E.2d 758 (1972); *Harbaugh v. Commonwealth*, 209 Va. 695, 167 S.E.2d 329 (1969).

We need not determine whether, as Preston alleges, the trial judge failed to give him a fair opportunity to exercise his right to appeal the general district court conviction. The record indicates that Preston noted his appeal in a timely fashion. Even if it could be said that Preston "partial[ly] submi[tted] to a judgment of the trial" judge, *Gravely v. Deeds*, 185 Va. 662, 665, 40 S.E.2d 175, 176-77 (1946), Preston's statutory time for noting his appeal had not expired. Because he perfected his appeal within ten days of his conviction, as required under Code § 16.1-132, Preston's conduct cannot be deemed a waiver. *Id.*

█ The Commonwealth correctly argues that neither conviction of a subsequent offense nor proof beyond a reasonable doubt is required to justify a revocation of suspension due to misconduct. *See Marshall v. Commonwealth*, 202 Va. 217, 221, 116 S.E.2d 270, 274 (1960). "[T]he failure of a defendant to be of good behavior, amounting to substantial misconduct, during the period of the suspension would provide reasonable cause for revocation." *Id.* at 220, 116 S.E.2d at 273-74. The record proves the trial judge revoked Preston's suspended sentence solely upon the conviction order. However, when Preston appealed the conviction to the circuit court, the conviction was annulled. *Malouf*, 177 Va. at 856, 13 S.E.2d at 322. Thus, the condition that formed the basis for the revocation, the fact of the conviction, no longer existed. When Preston moved the trial judge to vacate the order of revocation,

the trial judge had no evidence of misconduct to justify the refusal to vacate the order.

In *Marshall*, the defendant was convicted in the general district court for knowingly receiving stolen property. Following an appeal to the circuit court, the defendant was acquitted by a jury of the charge. 202 Va. at 218, 116 S.E.2d at 272. However, the defendant's written admission that he had disposed of property he believed to be stolen was introduced at trial. That evidence showed sufficient misconduct to provide reasonable cause for revocation. *Id.* at 221, 116 S.E.2d at 274.

In the case before us, Preston made no admission of wrongdoing. The record at the revocation hearing indicates only that the Commonwealth introduced a certificate of Preston's conviction for petit larceny and nothing more. Thus, the bare fact of the district court conviction was the reasonable cause to believe Preston had engaged in misconduct. Because Preston's appeal annulled the conviction, no evidence existed upon which to justify continuation of the revocation of suspension.

The facts of this case also are distinguishable from *Patterson v. Commonwealth*, 12 Va. App. 1046, 407 S.E.2d 43 (1991). In *Patterson*, this Court concluded that a conviction in the circuit court for petit larceny during the petitioner's probation was sufficient to support revocation of his suspended sentence, even though evidence of the facts underlying the conviction were not presented. *Id.* at 1047, 407 S.E.2d at 43. Although the defendant appealed the conviction, appeal of a criminal conviction from the circuit court to the Court of Appeals does not affect the finality of the judgment. *See Hirschkop v. Commonwealth*, 209 Va. 678, 680, 166 S.E.2d 322, 323, *cert. denied*, 396 U.S. 845 (1969). The circuit judge's order postponing execution of the judgment of conviction only acts to suspend execution of the judgment; it does not vacate the judgment or affect finality of the judgment. *See* Code § 19.2-319; *Peterson v. Commonwealth*, 225 Va. 289, 297, 302 S.E.2d 520, 525-26, *cert. denied*, 464 U.S. 865 (1983). On the other hand, when an appeal is taken to the circuit court from a general district court conviction, "[t]he question on appeal is not whether the judgment . . . is correct but whether the accused is guilty of the offense charged." *Gravely*, 185 Va. at 664, 40 S.E.2d at 176.

The judgment of the general district court was rendered a nullity for all purposes when Preston noted his appeal to the circuit court. In the absence of some evidence of misconduct, the trial judge abused his discretion in not vacating his revocation of Preston's suspended sentence upon proof that Preston had noted his appeal. Accordingly, we reverse the judgment.

*Reversed and remanded.*

Barrow, J., and Duff, J., concurred.