## Richmond

JOHN CLIFTON BAILEY, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0153-94-2

Decided December 13, 1994

COUNSEL

Buddy A. Ward, Public Defender (Office of the Public Defender, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—John C. Bailey appeals from the revocation of six months of a suspended prison sentence. He contends that (1) the trial judge erred by admitting in evidence a laboratory report as a business record exception to the hearsay rule, (2) the laboratory report was insufficient to prove that he used cocaine, and (3) the evidence was insufficient to prove that he used cocaine during the probation period. We agree that the evidence failed to prove that Bailey used cocaine during the probation period, and we reverse the revocation of six months of his suspended sentence.

I.

Bailey was convicted of attempted grand larceny, false reporting of the commission of a crime, and uttering a check without sufficient funds. On September 14, 1993, a judge of the Circuit Court of Halifax County sentenced Bailey to a five year prison term for attempted grand larceny and twelve months in jail for each of the two misdemeanors. The trial judge suspended all incarceration time. As a condition of that suspension, Bailey was placed on supervised probation for three years, the first year of which was to be "intensive" supervision.

The day following the sentencing, Bailey met with a probation officer for the first time and signed the conditions of his probation. One of the conditions states: "I will not unlawfully use, possess or distribute controlled substances or related paraphernalia." The probation officer testified that at their initial meeting Bailey admitted to cocaine use on September 11 or 12, the weekend prior to his sentencing hearing. Bailey submitted a urine sample, which tested positive for cocaine. The probation officer testified that as the result of Bailey's disclosure and urine sample, he had a conference with the chief probation officer. The chief probation officer determined that Bailey would not be held accountable for the cocaine then in his body because his illegal drug use occurred prior to the date Bailey was placed on probation. The probation officer advised Bailey that his admission would not be held against him and that he would be tested again.

On September 20, 1993, the probation officer visited Bailey and asked him to submit a urine sample. Bailey went to the probation office and gave a urine sample. The preliminary test used by the probation office gave a positive indication for cocaine. The proba-

tion officer then sent the urine sample to a California laboratory for analysis.

Over objection, the Commonwealth offered as evidence the California laboratory report that confirmed the evidence of cocaine metabolite in Bailey's urine sample. The probation officer testified that when he informed Bailey of the report Bailey believed the cocaine was still in his system from the September 12 incident. No evidence contradicted Bailey's explanation. Upon this evidence, the trial judge revoked six months of Bailey's suspended sentence.

## II.

■ By statute, a trial judge in Virginia "may, for any cause deemed by [the judge] sufficient which occurred at any time within the probation period, . . . revoke the suspension of sentence." Code § 19.2-306. The revocation of the suspended sentence "must be based on reasonable cause," *Patterson v. Commonwealth*, 12 Va. App. 1046, 1048, 407 S.E.2d 43, 44 (1991), and must be based upon cause that occurred within the suspension or probation period. Code § 19.2-306; *Preston v. Commonwealth*, 14 Va. App. 731, 419 S.E.2d 288 (1992).

The probation officer testified that Bailey admitted using cocaine prior to the date the trial judge suspended the imposition of a prison sentence. Moreover, after Bailey initially tested positive for cocaine, the probation office accepted Bailey for probation and informed him that future use of cocaine would be monitored by random testing. The trial judge revoked six months of Bailey's suspended sentence because of the September 20 test that was positive for cocaine.

Although the evidence proved that a test of Bailey's urine on September 20 gave a positive indication of cocaine, the evidence also proved that a test of Bailey's urine the day following his sentencing gave a positive indication of cocaine. No evidence established, however, either the likely duration of cocaine in a person's body or the difference in the levels of cocaine in Bailey's urine between the testing on September 15 and September 20.

In the absence of some explanation, the trial judge had no basis upon which to conclude that the later test was not indicating the same cocaine that was detected by the initial testing. Thus, the

evidence failed to prove that Bailey ingested cocaine within the probation period or within the period of suspension of sentence. Code § 19.2-306. Accordingly, we reverse the order revoking six months of Bailey's suspended sentence.

Because the evidence before the trial judge was insufficient to provide a basis for revocation of Bailey's sentence, we need not address the issues concerning the admissibility and sufficiency of the laboratory report.

*Reversed.*

Fitzpatrick, J., and Cole, S.J., concurred.