COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


BETTYE RENEE NICHOLS

                                    MEMORANDUM OPINION* BY
v.          Record No. 1549-97-1    JUDGE RICHARD S. BRAY
                                         JUNE 9, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                      E. Preston Grissom, Judge

            Heather Buyrn Crook (Buyrn & Crook, on
            brief), for appellant.

            Leah A. Darron, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Bettye Renee Nichols (defendant) appeals the revocation of a

suspended sentence resulting from violations of the terms and

conditions of attendant probation, complaining that the court

imposed a "term of confinement . . . [which] was

[unconstitutionally] disproportionate and excessive" and beyond

the maximum penalty allowed by statute.  We affirm the revocation

but remand for resentencing consistent with this opinion.

     The parties are conversant with the record and this

memorandum opinion recites only those facts necessary to

disposition of the appeal.

                                I.

     On May 20, 1996, defendant was convicted of an "Attempt To

_____
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Obtain Drug By Fraud," a violation of Code § 18.2-258.1, and sentenced to seven years in the penitentiary, suspended upon certain conditions, including supervised probation and the requirement that defendant remain "drug free." Subsequently, on January 27, 1997, defendant was convicted of several additional offenses and, again, sentenced to incarceration, suspended upon "special conditions" of supervised probation.

Acting on a "Probation Violation Report," dated February 26, 1997, which advised that defendant had submitted a "urine screen positive for heroin and cocaine on February 1, 1997," the court issued a capias for her arrest. At the subsequent probation revocation hearing, the test results, together with other evidence of defendant's noncompliance with the terms of probation, were received into evidence. At the conclusion of the proceeding, the court found defendant in violation of probation, revoked the suspended sentences and sentenced defendant to six years and nine months in the penitentiary for the initial drug offense, a year in jail for one among the later offenses, and resuspended the remaining sentences.

II.

By statute, a trial judge in Virginia "may, for any cause deemed by [the judge] sufficient which occurred at any time within the probation period . . . revoke the suspension of sentence." The revocation of the suspended sentence "must be based on reasonable cause," and must be based upon cause that occurred within the suspension or probation period.

- 2 -

Bailey v. Commonwealth, 19 Va. App. 355, 357, 451 S.E.2d 686, 687 (1994) (citations omitted); Code § 19.2-306.  "[T]he power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations."  Briggs v. Commonwealth, 21 Va. App. 338, 344, 464 S.E.2d 512, 514 (1995) (citations omitted).  Thus, "the issue on review of a revocation is 'simply whether there has been an abuse of discretion.'"  Connelly v. Commonwealth, 14 Va. App. 888, 890, 420 S.E.2d 244, 245 (1992) (citations omitted); Code § 19.2-306.

"The legislature has set the range for punishment for those who violate the [criminal] code provisions.  In establishing the sentencing range it endowed the trial court with inherent and discretionary power to impose appropriate sentences."  Hudson v. Commonwealth, 10 Va. App. 158, 160, 390 S.E.2d 509, 510 (1990) (citations omitted).  "We have held in numerous cases that when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion."  Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977) (citations omitted).  Moreover, "[a] sentence in excess of one prescribed by law is not void ab initio because of the excess, but is good insofar as the power of the court extends, and is invalid only as to the excess."  Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 510-11 (1973) (citations omitted).

The offense of obtaining drugs by fraud in violation of Code

§ 18.2–258.1 is a Class 6 felony, punishable by a prison term of "not more than five years."  Code §§ 18.2-10(f), –258.1(h).  However, the trial court in this instance initially sentenced defendant to seven years for the crime and, upon revocation, imposed the remainder of the term, six years and nine months.  Thus, "[t]he excessive portion of [defendant's] sentence is invalid."  See Bell v. Commonwealth, 11 Va. App. 530, 534, 399 S.E.2d 450, 453 (1991) (citations omitted).  "Because we cannot summarily reduce [defendant's] sentence, we remand the case to the trial court for resentencing."  Id. (citations omitted).

Accordingly, we affirm the disputed revocation but remand for the trial court to resentence defendant consistent with Code § 18.2–258.1 and this opinion.

Affirmed in part,<br>reversed in part,<br>and remanded.