BENTON, Judge, with whom ELDER, J.,
joins, concurring, in part, and dissenting, in part.
I concur in the part of the judgment reversing the conviction, but I dissent from the part of the judgment remanding the case for a new trial.
I would remand the case with instructions that would give effect to the trial judge’s ruling when he took this matter under advisement. At that time, he noted only the following condition:
I’ll take the matter under advisement until August 31st [of 1999]. If there are no other problems between Mr. Powell and Ms. Heath, the matter can be dismissed.
The Commonwealth did not object to the trial judge’s ruling and suggested no other conditions. Because Powell complied with the conditions imposed by the trial judge when he took the case under advisement, I would remand this case with instructions to the trial judge to dismiss the prosecution. In analogous cases, where judges have revoked the suspension of sentences, both the Supreme Court and this Court have *233 indicated that judges must scrupulously honor the conditions they have placed upon criminal defendants. See e.g. Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964) (noting that “when the accused has complied with conditions specified, he has a right to rely upon them, and the suspension will stand”); Dyke v. Commonwealth, 193 Va. 478, 483, 69 S.E.2d 483, 486 (1952) (holding that “[i]f the defendant had kept [the] condition [of suspension], then the court was bound by that condition”); Preston v. Commonwealth, 14 Va.App. 731, 419 S.E.2d 288 (1992) (holding that when the evidence fails to prove a violation of the condition upon which suspension was based, the trial judge abuses discretion by revoking the suspension). I can find no reason why similar limitations on a judge’s discretion should not exist here.