COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Felton and McClanahan
Argued at Alexandria, Virginia


SHANNON LEE OWENS

MEMORANDUM OPINION* BY
v.        Record No. 0146-03-4            JUDGE WALTER S. FELTON, JR.
                                         FEBRUARY 10, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Jeffrey W. Parker, Judge

S. Jane Chittom, Appellate Defender (Public Defender Commission,
on briefs), for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Shannon Lee Owens appeals an order entered by the Circuit Court of Fauquier County

revoking his suspended sentences. He also appeals the trial court's ruling limiting his direct

examination of Investigator Nelson during his revocation hearing. Finding no error, we affirm.

BACKGROUND

On April 26, 2002, the Circuit Court of Fauquier County convicted Owens of two counts of

credit card theft, two counts of credit card fraud, and five counts of forgery. It sentenced Owens to

serve a total of five years in prison, but suspended the entire sentence for three years on the

condition that Owens "[e]nter into and successfully complete a Detention and Diversion

Incarceration Program."

On May 20, 2002, Owens began the detention center program at the White Post

Detention Center. On August 14, 2002, Owens's probation and parole officer notified the court

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that Owens had violated the terms of his suspended sentences because he had been terminated from the detention center program. Owens was terminated following an institutional review committee hearing on a charge that a correctional officer had found marijuana in his locker. At the hearing before the institutional review committee, Owens testified and called two witnesses. He argued that the marijuana found hidden in a Bible in his locker was not his and that it had been planted there by another inmate in retaliation for Owens informing a correctional officer that another inmate had offered to sell him marijuana.

The August 14, 2002 probation violation report presented to the trial court at the revocation hearing reported that, in addition to the finding of marijuana in Owens's locker, Owens had been found guilty of lying and refusing to work while he was in the detention center program. These violations resulted in twenty hours of extra duty and loss of institutional privileges for a week. The probation violation report also noted that, in addition to probation imposed by the Fauquier Circuit Court, Owens was on probation supervision from the Culpeper Circuit Court and that there had been two prior probation findings from that court that Owens had violated his probation.

On December 13, 2002, the trial court conducted a hearing to determine whether Owens's probation and previously suspended sentences should be revoked. The Commonwealth's only evidence was the probation violation report, which included a summary of the correctional officer's discovery of marijuana in Owens's locker, a reference to Owens's violations for lying and refusing to work while at the detention center, and a notation that Owens was also on probation from the Culpeper Circuit Court, the terms of which he had twice violated.

At the revocation hearing, Owens conceded that his removal from the detention center program violated the terms of his probation. He argued, however, that his removal from the program was not as a result of a voluntary act on his part, but was the result of another inmate planting marijuana in his locker. Owens testified that prior to the marijuana being found in his

locker, he had reported to Corporal Daugherty, a corrections officer at the detention center, that an inmate had offered to sell him marijuana. While he couldn't remember who had made the initial offer, Owens testified that Jay Williams, another inmate, was the source of the marijuana.

During the revocation hearing, Owens called Sergeant G.R. Nelson, an institutional investigator with the Virginia Department of Corrections, as a witness. Nelson had investigated the source of the marijuana found in Owens's locker after Owens's termination from the program. Nelson's testimony corroborated Owens's contention that he had informed Corporal Daugherty that another inmate offered to sell him marijuana.

At the conclusion of the hearing, Owens argued that because the marijuana recovered from his locker did not belong to him, but had been planted there by another inmate in a retaliatory act, his termination from the program was not based on his willful conduct. Conceding that his termination from the detention center program violated the terms of his probation and suspended sentences, Owens asked the court "to find him in violation but to re-suspend the balance of his time."

The trial court found that Owens was terminated from the detention center program and that completion of the program was a term and condition of his probation. In its December 13, 2002 order, the trial court recited that it received and considered the evidence contained in the probation report, the evidence presented by the defendant in person and by counsel, and the stipulation by the defendant that he had violated the terms and conditions of probation. Based on the evidence presented to it, the trial court found the defendant had violated his probation. It then revoked Owens's probation and suspended sentences. It re-imposed the balance of Owens's previously suspended sentences, then suspended all but two years of that sentence. It also placed Owens on three years of supervised probation on his release from incarceration.

ANALYSIS

A.  REVOKING THE SUSPENDED SENTENCES

On appeal, Owens contends that the trial court erred in refusing to consider, in a revocation proceeding, events leading to appellant's removal from the detention center.  Owens contends that, because the court based its decision to revoke his suspended sentences on his termination from the program without considering evidence that he might have been "framed," the trial court denied him "a hearing in any meaningful sense."  He argues that despite his violating the terms of his probation, the court should not revoke his suspended sentences because his termination from the detention center program was not based on his willful conduct.  We conclude that the trial court did not err in revoking Owens's suspended sentences, and sentencing him to a term of active incarceration.

The record reflects Owens's termination from the detention center violated a specific condition of his probation and suspended sentences.  It further reflects that the trial court considered Owens's testimony and that of his witness regarding the circumstances of his termination from the program.  Additionally, it considered the probation report, noting other breaches of the rules at the detention center by Owens, and his history of other probation violations in another court.  The trial court determined from the totality of the evidence before it that there existed sufficient cause to revoke Owens's suspended sentences.  See Code § 19.2-306.

Code § 19.2-306 grants to the trial court broad discretion to revoke a suspended sentence and probation, and permits it to do so "for any cause deemed by it sufficient, which occurred at any time within the probation period."  Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991).  "The court's findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion."  Id. (citations omitted).

"When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in

- 4 -

part." Alsberry v. Commonwealth, 39 Va. App. 314, 320, 572 S.E.2d 522, 525 (2002) (citing Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990)). "Thus, upon revocation of the suspended sentence, the defendant is punished in accordance with a previously imposed sentence not for the conduct prompting the revocation but for his commission of the original crime." Id. at 320-21, 572 S.E.2d at 525.

Although the power of the court to revoke a suspended sentence pursuant to Code § 19.2-306 is broad, the revocation of the suspended sentence "must be based on reasonable cause," which occurred within the suspension or probation period. See Bailey v. Commonwealth, 19 Va. App. 355, 357, 451 S.E.2d 686, 687 (1994) (citations omitted). Reasonable cause for revoking a sentence includes the defendant's failure "to comply with the conditions of the suspension." Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964). Once the Department of Corrections determined that Owens could no longer continue in the detention center program, Owens could no longer comply with the specific condition of his suspended sentences that he complete that program. See Word v. Commonwealth, 41 Va. App. 496, 586 S.E.2d 282 (2003) (affirming revocation of suspended sentence when reports that person previously approved for detention center program might be subject to federal investigation prevented his entry into the program). Here, Owens conceded to the trial court that his termination from the detention center program was a violation of the conditions of his probation and suspended sentences.

Owens argues that the trial court refused to consider evidence that he was set up or "framed" and that this evidence was essential to the court's determination of whether to revoke his suspended sentences. On appeal, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Although, the trial court

stated it would not retry the basis of Owens's termination for the detention center program, the record reflects that it did consider Owens's evidence relevant to whether he willfully possessed the marijuana. Before the trial court revoked Owens's suspended sentences, it took into consideration all of the evidence presented, "the report of the Probation Officer, and such additional facts as were presented by the defendant and counsel for the defendant." Owens conceded to the trial court that he had violated the terms of his probation. The matter before the trial court for determination was whether Owens's violation of the terms and conditions of his probation and suspended sentences warranted the trial court's revocation of the suspended sentences.

The trial court considered the probation violation report, and heard the testimony of Owens and Investigator Nelson. The credibility of a witness, the weight accorded the testimony and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The court weighed and considered the evidence and testimony before it and found that Owens violated the terms of his probation. In addition to the marijuana incident, the probation violation report reflected that Owens had been disciplined in the detention center program for lying and failure to work, and had two prior probation violations in another court.

## B. INVESTIGATOR NELSON'S TESTIMONY

Owens argues that the trial court "erroneously precluded him from eliciting witness testimony concerning his termination from the Detention Center." During Owens's examination of Department of Corrections Investigator Nelson, Owens asked Nelson if he had been "able to confirm that Corporal Daugherty investigated and found it [marijuana] to be in the possession of Jay Williams."[1] The Commonwealth objected to the question as calling for an opinion on Nelson's

---

[1] Owens contended that the marijuana found in his locker had been placed there by fellow inmate Jay Williams in retaliation for Owens reporting to Corporal Daughtery that another inmate had offered to sell him marijuana.

part. The trial court sustained the objection, limiting Nelson's testimony to his observations and prohibiting Nelson's testimony as to any opinion regarding how the marijuana came into Owens's possession. We conclude that the trial court did not err in sustaining the objection.

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Crews v. Commonwealth, 18 Va. App. 115, 118, 442 S.E.2d 407, 409 (1994) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). Throughout the direct examination of Nelson, Owens asked numerous questions seeking his opinion and conclusions related to his investigation of the marijuana found in the locker. The trial court made clear that it would hear facts but not the opinions of Nelson as to whether Owens possessed marijuana. The court ruled that it would "let this officer testify as to what facts he determined" from his investigation, but did not "want to hear an opinion." In so ruling, the court did not abuse its discretion in limiting Investigator Nelson's testimony.

Assuming, without deciding, that the trial court erred in its ruling on the particular question raised by Owens on appeal, we find that any error was harmless beyond a reasonable doubt. The court considered Nelson's testimony as to what his investigation revealed factually, including his confirmation that Owens reported to Corporal Daughtery that another inmate had offered to sell him marijuana.

CONCLUSION

The record reflects that the trial court heard Owens's evidence concerning the factors surrounding his termination from the detention center program prior to revoking his suspended sentences. After considering all of the evidence, including Investigator Nelson's testimony, the probation officer's report and the argument of counsel, the court revoked Owens's suspended

sentences.  We find no abuse of discretion.  For the foregoing reasons, the judgment of the trial court is affirmed.

__Affirmed.__
