COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


ALVIN PARKINS, S/K/A
  ALVIN PARKINS, III
                                                    MEMORANDUM OPINION* BY
v.        Record No. 2695-05-1                      JUDGE LARRY G. ELDER
                                                    OCTOBER 31, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Christopher W. Hutton, Judge

               (Kimberly Enderson Hensley, Assistant Public Defender; Office of
               the Public Defender, on brief), for appellant.  Appellant submitting
               on brief.

               Josephine F. Whalen, Assistant Attorney General (Robert F.
               McDonnell, Attorney General, on brief), for appellee.


        Alvin Parkins (appellant) appeals from an order revoking a portion of previously

suspended sentences for a robbery and attempted robbery convictions.  On appeal, he concedes

he failed to comply with the terms of his supervised probation and used marijuana and that

"some punishment was warranted by his actions," but he contends the court's decision ordering

him to serve one year six months of his previously suspended sentences exceeded the sentencing

guidelines and was error.[1]  We hold the court's reimposition of one year six months of

appellant's previously suspended sentences was not an abuse of discretion, and we affirm.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant also contended the trial court erred in failing to give him credit against his
total sentence for the time he served in the Detention and Diversion Center programs, which he
successfully completed.  Although we granted an appeal on this issue, as well, appellant states on
brief that the Department of Corrections has since awarded him credit for this time and, as a

"A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306." Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991). "[C]onviction of a subsequent offense . . . is [not] required to justify a revocation of suspension due to misconduct. '[T]he failure of a defendant to be of good behavior, amounting to substantial misconduct, . . . provide[s] reasonable cause for revocation.'" Preston v. Commonwealth, 14 Va. App. 731, 734, 419 S.E.2d 288, 290-91 (1992) (quoting Marshall v. Commonwealth, 202 Va. 217, 220, 116 S.E.2d 270, 273-74 (1960)). In revoking a suspended sentence and probation, the court is not bound by the sentencing guidelines, which are permissive rather than mandatory. See, e.g., Jett v. Commonwealth, 34 Va. App. 252, 256, 540 S.E.2d 511, 513 (2001). As in the case of any appeal to this Court, "'the credibility of the witnesses and the evaluation and weight of their testimony . . . are for the [trial] court.'" Cottrell v. Commonwealth, 12 Va. App. 570, 573, 405 S.E.2d 438, 440 (1991) (quoting Slayton v. Commonwealth, 185 Va. 357, 366-67, 38 S.E.2d 479, 484 (1946)). "The court's . . . judgment will not be reversed unless there is a clear showing of abuse of discretion." Davis, 12 Va. App. at 86, 402 S.E.2d at 687.

Appellant does not dispute that his behavior in smoking marijuana, failing to attend scheduled drug tests, and refusing to comply with other conditions of his probation justified a revocation, but he contends the court "did not make the punishment fit the situation" in that it "failed to consider the positive steps that [appellant] had taken, including his continued employment, his ability to support his family and pay his rent and other obligations." What appellant fails to recognize, however, is that the trial court was not required to accept appellant's testimony. The evidence, viewed in the light most favorable to the Commonwealth, indicated

result, that he has already been released from incarceration. Because appellant specifically concedes this issue is now moot, we do not consider it in this appeal.

- 2 -

that appellant had demonstrated problems with both alcohol and drugs. He was charged with driving under the influence and then tested positive for marijuana use three times over a period of five months, after which he failed to report for any additional drug screens. He also refused on at least three occasions to enter substance abuse counseling, first for alcohol and later for marijuana. See, e.g., Connelly v. Commonwealth, 14 Va. App. 888, 420 S.E.2d 244 (1992) (concluding revocation of probation based on illegal drug use was not abuse of discretion). Further, the evidence, viewed in the light most favorable to the Commonwealth, was that he remained unemployed. The length of the period of appellant's noncompliance, coupled with his aggressiveness in refusing to comply, caused the Probation Office of Fort Bend County, Texas, to terminate its supervision.

Under these circumstances, the trial court's decision to impose the sentence of one year six months recommended by the guidelines for the underlying robbery and attempted robbery offenses, which appellant originally avoided serving because the court allowed him to participate in the Detention and Diversion Center Programs for about a year, did not constitute an abuse of discretion. Thus, we affirm.

Affirmed.