COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Causey
Argued at Richmond, Virginia


VINCENT JOSEPH DECICCO

v.      Record No. 0049-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
CHIEF JUDGE MARLA GRAFF DECKER
JULY 11, 2023


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

Matthew G. Finley (Law Office of Steven Barnette, P.C., on brief),
for appellant.

Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Vincent Joseph Decicco appeals the decision revoking his previously suspended fifteen-year

sentence and resuspending all but five years. He contends that the trial court erred by amending a

2015 sentencing order nunc pro tunc. The appellant further argues that the trial court erred by

misinterpreting Code § 19.2-305.1(C) and finding the evidence sufficient to revoke his suspended

sentence. For the following reasons, we affirm the trial court's decision.

BACKGROUND[1]

In 2015, the appellant was convicted, pursuant to a plea agreement, of obtaining money by

false pretenses in violation of Code § 18.2-178. He was sentenced to twenty years in prison with

the entire sentence suspended. The suspension was conditioned on twenty years of good behavior

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

[1] When reviewing the appeal of a sentence revocation, we view "[t]he evidence . . . in the
light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v.
Commonwealth*, 61 Va. App. 529, 535 (2013).

and his payment of restitution to the victim in the amount of $389,000. Under the signed plea agreement, the appellant was required to pay the victim a lump sum of $30,000 by September 23, 2015, and monthly installments of at least $2,500 beginning July 23, 2015.

In 2017, the trial court found that the appellant violated his probation. The court revoked the entire suspended sentence and resuspended fifteen years, giving him five years of active time to serve. In 2018, the appellant again violated his probation when he received five new felony convictions for embezzlement. The court revoked the suspended time and resuspended the entire fifteen years that remained.

In March 2019, the trial court issued a show cause order based on the Commonwealth's allegation that the appellant had violated the terms and conditions of his suspended sentence by failing to pay restitution. The appellant filed a motion to dismiss the revocation action, arguing that the trial court could not revoke his suspended sentence for failure to pay restitution. He reasoned that the provision to pay restitution was not made a specific condition of his suspended sentence but instead was only encompassed in a separate order. The appellant argued that because the restitution order and payment plan were not incorporated into the sentencing order, the Commonwealth could not enforce the failure to pay restitution under Code § 19.2-305.1. He also suggested that the Commonwealth could not proceed to revoke his suspended sentence under either Code § 19.2-305.1 or Code § 19.2-358 because the sentencing order did not explicitly state he had an obligation to pay restitution while incarcerated. In response, the Commonwealth filed a motion to amend the 2015 combined conviction and sentencing order (hereafter sentencing order) to address restitution.

After multiple continuances, the court heard both the appellant's and the Commonwealth's motions. By order dated November 13, 2020, the court denied the appellant's motion to dismiss and granted the Commonwealth's motion to amend the original sentencing order. The trial court amended the 2015 order nunc pro tunc to include direction for the appellant to pay $389,000 in

monthly payments of $2,500 "beginning no later than July 23, 2015," and a $30,000 "lump sum payment to be made by September 23, 2015."[2]

At the September 2021 revocation hearing addressing the March 2019 show cause order, the appellant again argued that the original sentencing order did not oblige him to pay restitution while incarcerated. The trial court found, however, that the appellant had raised the issue in the prior motion to dismiss and the court had already addressed and rejected it in the November 13, 2020 order. The court proceeded with hearing the show cause.

The Commonwealth presented evidence in the form of recorded telephone conversations to establish the appellant's ability to pay the restitution. Virginia Department of Corrections analyst Jamie Massey testified that she monitors phone calls in all the facilities. In the summer of 2021, Massey was asked to monitor the appellant's prison calls. The appellant usually called his cousins and his friends.

During various phone calls, played for the trial court, the appellant discussed receiving an inheritance after his mother's death. He mentioned an Ulster savings account, a Morgan Stanley account, and a safety deposit box containing a life insurance policy and jewelry. He directed that a car be sold and that several thousand dollars be transferred to two friends. Further, the appellant acknowledged his restitution obligation but said that the money in the estate would not be used to satisfy that obligation.

The appellant testified that he has been incarcerated since 2016 and that his mother died in New York in July 2017. Her will named the appellant as her beneficiary and Frank DelDuca as the executor of her estate. Due to Frank DelDuca's advanced age, Maria DelDuca, his daughter and the appellant's cousin, acted as executor of the estate. According to the appellant, his mother's estate

---

[2] Judge William E. Glover heard the motions argument and entered the nunc pro tunc order.

consisted of a 2014 Hyundai Sonata, $184,000 in a Morgan Stanley account, and $55,000 in another account.

During the appellant's testimony, he claimed that he never had access to the estate account. He also said Maria DelDuca removed her father's name from the Hyundai title and replaced it with her name without his permission, and he never received money for it. According to the appellant, all but $50 from the original estate account was moved without his authorization to a South Carolina bank account in Maria DelDuca's name sometime in 2020.

On cross-examination, the appellant admitted that he had an obligation to pay restitution to his victims and acknowledged that he had paid only approximately $2,000 of his restitution obligation. The appellant conjectured that $184,000 might exist in an account somewhere. When asked if he would direct that money to his victims if it was found, the appellant stated "[a]bsolutely not, because you're not going to get twenty years out of me, plus have me pay a hundred and eighty-four thousand [dollars]." He represented that he "would be willing to give up a hundred and eighty-four thousand for some time out."

The trial court found that the appellant violated the terms and conditions of his probation. It revoked the entirety of his previously suspended sentence and resuspended all but five years.[3]

ANALYSIS

The appellant argues that the trial court abused its discretion when it amended his 2015 sentencing order. Further, he contends that the trial court misinterpreted Code § 19.2-305.1 when it found that he was required to pay restitution while incarcerated without specifically finding that payment of restitution was feasible. Finally, he argues that the trial court erred by finding the evidence sufficient to revoke his suspended sentence.

---

[3] At the same time, the trial court revoked and resuspended sentences that the appellant received on other convictions. The appellant does not challenge those portions of the court's revocation decision.

- 4 -

## I. November 13, 2020 Order

The appellant challenges the decision to amend the 2015 sentencing order nunc pro tunc in the November 13, 2020 order. He argues that the amendment impermissibly imposed a restitution condition that was not part of his original suspended sentence. The appellant also suggests that in issuing the nunc pro tunc order, the trial court misinterpreted Code § 19.2-305.1(C) in finding that he was required to pay restitution despite his incarceration.

"On appeal, we presume the judgment of the trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). The appellant bears the burden of presenting on appeal "a sufficient record from which we can determine whether the lower court has erred." *Green v. Commonwealth*, 65 Va. App. 524, 534 (2015) (quoting *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993)).

The record on appeal does not contain a transcript of the hearing at which the Commonwealth argued its motion for the court to amend the 2015 sentencing order. Rule 5A:8(a) requires that for a transcript to be part of the record on appeal, it must be "filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Alternatively, an appellant may submit a written statement of facts in lieu of a transcript in compliance with Rule 5A:8(c). If the appellant fails to "ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

The appellant failed to file a transcript from the November 9, 2020 hearing or a statement of facts in lieu of a transcript. *See* Rule 5A:8. During that hearing, the appellant presumably presented his objection to the trial court's ruling to amend the original sentencing order nunc pro tunc, and the trial court heard argument on the appellant's interpretation of Code § 19.2-305.1(C). In light of the lack of a transcript of the relevant hearing or a written statement

of facts in lieu of a transcript, we consider whether this deficit is "indispensable to the determination" of the assignments of error. *Bay*, 60 Va. App. at 528 (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).

In his first assignment of error, the appellant contends that the trial court abused its discretion in amending the sentencing order nunc pro tunc because it imposed a restitution condition that was not part of his original suspended sentence. The record does not reflect that the appellant objected to the entry of the nunc pro tunc order.[4] *See Jefferson v. Commonwealth*, 269 Va. 136, 139 (2005) (holding that the defendant was procedurally barred from attacking the correctness of the nunc pro tunc sentencing order for the first time on appeal). With an incomplete record of the arguments the appellant made or the positions he took below, the Court has no way of knowing whether he presented the specific arguments to the trial court that he now advances on appeal. Likewise, we are unable to determine if his appellate argument repudiates a position that his counsel may have taken below, let alone whether the court abused its discretion as he claims. *See* Rule 5A:18 (providing that an appellate court will consider only arguments timely raised in the trial court); *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent or contradictory positions during litigation). Further, the record before us does not contain the trial court's reasoning for granting the Commonwealth's motion to amend the 2015 conviction order nunc pro tunc. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000); *Turner*, 2 Va. App. at 99-100.

---

[4] We recognize that in his motion to dismiss, the appellant argued that his payment of restitution was not a condition of his suspended sentence. However, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for [appellate] review." *Hamilton v. Commonwealth*, 69 Va. App. 176, 189 (2018) (quoting *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc), *aff'd by unpub'd order*, No. 040019 (Va. Oct. 15, 2004)).

In his second assignment of error, the appellant alleges that the trial court misinterpreted Code § 19.2-305.1(C) in finding that he was required to pay restitution despite his incarceration. Again, without the record of the relevant hearing, this Court cannot determine what arguments the appellant made at that time or whether his current argument on appeal repudiates a position that he may have taken below. *See generally Nelson*, 71 Va. App. at 403. Similarly, the record does not reflect the basis for the trial court's refusal of the appellant's motion to dismiss. Consequently, we cannot determine whether the trial court erred by granting the Commonwealth's motion to amend the 2015 sentencing order nunc pro tunc or rejecting the appellant's interpretation of Code § 19.2-305.1(C).

On this record, we conclude that a transcript of the hearing resulting in the nunc pro tunc order, or a written statement of facts in lieu of a transcript, is indispensable to a determination of the first and second assignments of error. *See generally Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner*, 2 Va. App. at 99-100. The appellant failed to ensure that the record contains the material necessary to permit this Court to resolve the first and second assignments of error he presents on appeal. *See* Rule 5A:8(b)(4)(ii). Therefore, we cannot consider them.

## II. Sufficiency of the Evidence

The appellant challenges the sufficiency of the evidence supporting his revocation. He argues that, at most, the Commonwealth's evidence established that he *believed* he had access to assets from his mother's estate, not that he actually had such access.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A); *see Bailey v. Commonwealth*, 19 Va. App. 355, 357 (1994). In addition, under the revocation statute in effect when this

- 7 -

revocation proceeding began, once the trial court found that the appellant had violated the terms of the suspension, it was obligated to revoke the suspended sentence and that sentence was in "full force and effect." Code § 19.2-306(C)(ii) (2019).[5] The trial court was permitted—but not required—to re-suspend all or part of the sentence. *See id.*; *see, e.g.*, *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007).

The appellate court reviews a sentence suspension revocation for abuse of discretion. *See Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013). A reviewing court can conclude that "an abuse of discretion has occurred" only in cases in which "reasonable jurists could not differ" about the correct result. *Commonwealth v. Swann*, 290 Va. 194, 197 (2015) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)).

The appellant contends that the evidence did not support the trial court's revocation of his suspended sentence. He asserts that all the facts elicited at the revocation hearing came from the prison phone calls, that the Commonwealth did not present a specific amount of money that he was entitled to inherit, and no "independent evidence of any estate, inheritance, executor,

---

[5] Although the statute was amended effective July 1, 2021, the appellant does not argue that the statutory amendment applied in his case. 2021 Va. Acts Spec. Sess. I ch. 538; *see Green v. Commonwealth*, 75 Va. App. 69, 84-85 & n.4 (2022) (holding that the amendment does not apply when the probation violations occurred and the revocation proceeding began before the effective date of the amendment).

administrator, trust, or probate [was] entered into evidence." He further argues that Maria DelDuca, acting as the executor, mishandled the estate.

On appellate review, we consider the nunc pro tunc order.[6] This order provides that the appellant was obligated to pay restitution to the victim in the amount of $389,000, consisting of "$2,500[] per month beginning no later than July 23, 2015 plus a $30,000[] lump sum payment to be made by September 23, 2015." The appellant agreed to these restitution terms in his signed plea agreement.

Despite this agreement, the appellant did not pay more than approximately $2,000 of his restitution obligation. During his testimony, he expressed reluctance to pay restitution. The appellant's recorded phone conversations also reflect his intention to avoid his restitution obligations despite his ability to pay them at least in part. *See generally Fields v. Commonwealth*, 73 Va. App. 652, 677 (2021) (considering the probative value of jail calls). Based on this evidence, the trial court found that the appellant never had any intention of paying restitution to his victims. In addition, during the calls, the appellant discussed his assets and directed certain distributions of his money. Although he testified that he did not have the means to pay the restitution while he was incarcerated because he did not have direct access to his inheritance, the court was "entitled to disbelieve" the appellant's "self-serving testimony" and conclude he was "lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). The trial court did not abuse its discretion in rejecting the appellant's theory of the case and finding that he

---

[6] Although the appellant challenges the trial court's nunc pro tunc order, this challenge is foreclosed by the incomplete transcript. *See supra* Part I. "[I]t is the firmly established law of this Commonwealth that a trial court speaks only through its written orders." *City of Newport News Dep't of Soc. Servs. v. Winslow*, 40 Va. App. 556, 561 (2003) (quoting *Walton v. Commonwealth*, 256 Va. 85, 94 (1998)). "Appellate courts thus 'presume' that the trial [court]'s order 'accurately reflects what transpired' during the proceedings below." *Id.* (quoting *Stamper v. Commonwealth*, 220 Va. 260, 280-81 (1979)).

violated the conditions of his sentence suspension. *See Keselica v. Commonwealth*, 34 Va. App. 31, 35-36 (2000) (affirming the trial court's finding that the nonpayment of restitution was willful).

CONCLUSION

The record does not contain the transcript or a statement of facts in lieu of a transcript necessary to permit the Court to resolve the first and second assignments of error presented on appeal. In addition, the evidence was sufficient to support the revocation of the appellant's suspended sentence. For these reasons, we affirm the judgment of the trial court.

*Affirmed*.